# MARTIN CLEARWATER & BELL LLP
### COUNSELORS AT LAW

**220 EAST 42ND STREET, NEW YORK, NY 10017-5842**
**TELEPHONE (212) 697-3122    FACSIMILE (212) 949-7054**
www.mcblaw.com

NEW YORK, NY
EAST MEADOW, NY
WHITE PLAINS, NY
ROSELAND, NJ
ROCHESTER, NY
NORWALK, CT

**GREGORY J. RADOMISLI**
**PARTNER**

DIRECT DIAL: (212) 916-0923
E-MAIL: radomg@mcblaw.com

October 24, 2024

**BY ECF**

The Honorable Laura Taylor Swain
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    **Newman, Maurice v. Katz, Mitchell**
              Civil Action No.    24 CV 6681 (LTS)
              MCB File No.      00778-100243

Dear Judge Swain:

      We were recently retained to represent the defendants Dr. Mitchell Katz, Dr. Behdad Jamshahi and Dr. Leland Chan in the above-referenced action.

      Pursuant to Your Honor's Individual Rules of Practice, I hereby certify that I spoke with the *pro se* plaintiff on October 23, 2024 about the issues raised in this letter, but we were not able to reach an accommodation.

Plaintiff's Motion for a Default

      The plaintiff moved to hold Drs. Katz, Jamshahi and Chan in default. In support of his motion (Doc #13), he attests that he personally served the Legal Department of New York City Health and Hospitals Corporation ("NYCHHC"). NYCHHC, however, is not a named defendant. Furthermore, he does not attest that he ever served any of the individual defendants, and he did not file any Affidavits of Service attesting to service on the individual physicians. Accordingly, the defendants intend to oppose plaintiff's motion. An appearance is scheduled for November 15, 2024 at 10:30 a.m.

      This letter is to request an extension of time to oppose plaintiff's motion. Plaintiff's motion is returnable on November 15, 2024; there have not been any previous requests for an extension

GJR/GJR
5617456

October 24, 2024
Page 2

of time; and plaintiff does not consent to the extension because, he said, the defendants intentionally did not respond to the Complaint.

Proposed Motion to Dismiss

The plaintiff alleges in his Complaint that his rights under the 5th and 14th Amendments were violated "due to medical malpractice" (Doc #1). According to the Statement annexed to plaintiff's Complaint, he presented to the Bellevue Hospital Emergency Department on 3/6/21. Dr. Chan and Dr. Jamshahi treated him, and diagnosed him with wheezing. Neither Dr. Chan nor Dr. Jamshahi treated the plaintiff again.

The statute of limitations on Section 1983 claims is three years. Therefore, the statute of limitations expired on 3/6/24. Plaintiff did not file the Complaint until 8/29/24. Accordingly, plaintiff's claims are time-barred.

Plaintiff does not allege any personal involvement by Dr. Katz, and therefore Dr. Katz cannot be held liable for a civil rights violation on that ground as well.

In his Statement and during our conversation, plaintiff maintained that the statute of limitations has not expired because the "continuous treatment doctrine" applies. Given that the plaintiff never treated with Dr. Chan or Dr. Jamshahi after 3/6/21, he cannot invoke the continuous treatment doctrine. Furthermore, the continuous treatment doctrine is not applicable to civil rights claims.

For the foregoing reasons, defendants intend to make a motion to dismiss. Given that this case is scheduled for argument on plaintiff's default motion on November 15, 2024, it may be simpler to address all the issues at that point *in lieu of* submitting papers at this time.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

MARTIN CLEARWATER & BELL LLP

Gregory J. Radomisli

5617456

October 24, 2024
Page 3

**cc (By ECF):**

Maurice A. Newman
Plaintiff *Pro Se*
7210 41st Avenue, Apt. #2E
Woodside, New York  11377

5617456