UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAURICE NEWMAN,

              Plaintiff,

        -against-

MITCHELL KATZ (PRESIDENT); LELAND
CHAN (MD); BEHDAD JAMSHAHI (MD),

              Defendants.

1:24-CV-6681 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

By order dated July 29, 2025, the Court dismissed this *pro se* action, in which Plaintiff

proceeds *in forma pauperis* ("IFP"), but granted Plaintiff 30 days' leave to replead his claims in

an amended complaint, as specified in that order. (ECF 24.) By order dated August 28, 2025, the

Court granted Plaintiff an extension of time—until September 29, 2025—to file an amended

complaint, as specified in the Court's July 29, 2025 order. (ECF 26.) Plaintiff filed an amended

complaint on September 4, 2025; it is the operative pleading for this action. (ECF 29.)

In his amended complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 seeking

declaratory relief and damages, and he sues: (1) Mitchell Katz, the President and Chief Executive

Officer of NYC Health + Hospitals ("H+H"), in his official capacity; (2) Leland Chan, M.D., a

physician employed by H+H at NYC Health + Hospitals/Bellevue (also known as "Bellevue

Hospital") ("Bellevue"), in his individual and official capacities; and (3) Behdad Jamshahi,

M.D., another physician employed by H+H at Bellevue, in his individual and official capacities.

The Court construes Plaintiff's amended complaint as asserting claims of federal constitutional

violations under Section 1983, under the court's federal-question jurisdiction, as well as claims

under state law, under the court's supplemental jurisdiction.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible that the pleader is entitled to relief. *Id.* at 679.

2

## BACKGROUND

**A.      The Court's July 29, 2025 order**

As the Court recounted in its July 29, 2025 order, Plaintiff, in his original complaint and supplemental declaration, asserted claims arising from the quality of the medical care that he received at Bellevue beginning on March 6, 2021, when he was admitted to that hospital because he was experiencing tightening in his chest, wheezing, and shortness of breath that had occurred over a period of three days. *See Newman v. Katz*, No; 1:24-CV-6681 (LLS), 2025 WL 2171803, at *2 (S.D.N.Y. July 29, 2025) (ECF 24, at 3). Plaintiff's claims arose from the diagnosis of Plaintiff's medical condition, by Defendants Chan and Jamshahi, as being "wheezing" rather than, among other aliments, restrictive lung disease, as shown by subsequent medical tests. *Id.* at *2-3 (ECF 24, at 3-4). Plaintiff's claims also arose from Defendant Chan and Jamshahi's alleged failure to schedule a follow-up appointment, to diagnose and treat Plaintiff's restrictive lung disease, and to conform to the New York State Patients' Bill of Rights. *Id.* (ECF 24, at 4-5). In his original complaint, as in his amended complaint, Plaintiff named Defendants Katz, Chan, and Jamshahi as defendants. *Id.* at *1 (ECF 24, at 1). The Court construed Plaintiff's original complaint and supplemental declaration as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law, including claims of medical malpractice. *Id.* (ECF 24, at 1).

The Court, in its July 29, 2025 order, dismissed Plaintiff's Section 1983 claims against Defendant Katz for failure to state a claim on which relief may be granted because Plaintiff had failed to allege facts showing Defendant Katz's direct and personal involvement in the alleged violations of Plaintiff's federal constitutional rights. *Id.* at *3 (ECF 24, at 5-6). The Court, however, granted Plaintiff leave to replead those claims to allege facts showing how Defendant

3

Katz was personally and directly involved in the alleged constitutional violations. *Id.* (ECF 24, at 6).

The Court also understood that Plaintiff was asserting claims, under Section 1983, that he had been denied his right to procedural due process with regard to violations of the New York State Patients' Bill of Rights. *Id.* (ECF 24, at 6).The Court observed that "[c]ourts have noted that the New York State Patients' Bill of Rights does not provide a private right of action for violations of it." *Id.* at *4 (citations omitted) (ECF 24, at 8). Thus, the Court held that, with respect to Plaintiff's claims under Section 1983 of procedural due process violations, "it does not appear that New York law created, in the New York State Patients' Bill of Rights, a liberty interest for a hospital patient, such as Plaintiff." *Id.* (ECF 24, at 8). The Court also held that, even if it did, "New York law appears to provide a postdeprivation remedy; enforcement of the New York State Patients' Bill of Rights, as a standard of care, can be sought in a state law medical malpractice action brought in a state court, rather than in a Section 1983 action in a federal court." *Id.* (ECF 24, at 9). Thus, because of that, and because Plaintiff did not show that he had pursued any state-law remedies, including claims of medical malpractice in a state court, nor provided any facts showing that such state-law remedies were inadequate, the Court dismissed Plaintiff's claims under Section 1983 of procedural due process violations, including any arising from violations of the New York State Patients' Bill of Rights, for failure to state a claim on which relief may be granted. *Id.* at *4-5 (ECF 24, at 9). The Court, however, granted Plaintiff leave to replead those claims in an amended complaint to "allege facts showing: (1) that he has attempted to pursue remedies in the state courts under state law; and (2) why such remedies are inadequate." *Id.* at *5 (ECF 24, at 9).

4

The Court further understood Plaintiff's original complaint and supplemental declaration as asserting claims under Section 1983 of violations of Plaintiff's right to substantive due process arising from the defendants' alleged abovementioned failures. *Id.* (ECF 24, at 9). After discussing the relevant law, the Court observed that Plaintiff had not alleged any facts showing, for the purpose of asserting substantive due process claims, that he, "at any point during the events alleged in his complaint and declaration, . . . was held in custody by the defendants, or that the defendants affirmatively created the alleged danger or affirmatively increased the alleged danger to him," or "that the defendants' actions were so egregious or outrageous that they would shock the contemporary conscience." *Id.* (ECF 24, at 10-11).The Court therefore dismissed Plaintiff's substantive due process claims under Section 1983 for failure to state a claim on which relief may be granted. *Id.* (ECF 24, at 11). The Court, however, granted Plaintiff leave to replead those claims in an amended complaint to allege facts sufficient to show that the defendants violated his right to substance due process. *Id.* (ECF 24, at 11).

**B.      Plaintiff's amended complaint**

Plaintiff's amended complaint asserts claims that are similar to, if not the same as, those claims that he asserted in his original complaint and supplemental declaration. He specifies, however, that he sues Defendant Katz, H+H's President and Chief Executive Officer, in his official capacity, and Defendants Chan and Jamshahi, both H+H physicians employed at Bellevue, in their individual and official capacities. (ECF 29, at 2.)

**DISCUSSION**

**A.      Official-capacity claims**

The Court must dismiss Plaintiff's official-capacity claims against the defendants. H+H is a public benefit corporation created by New York State law and it is a suable entity. *See* N.Y.

5

Unconsol. Laws §§ 7384(1), 7385(1). Thus, inasmuch as "Defendants are sued . . . in their official capacities, Plaintiff's claims against them . . . [must be] treated as claims against [H+H] itself." *Caminero v. Rand*, 882 F. Supp. 1319, 1322 (S.D.N.Y. 1995) (Lowe, D.J.); *see also Hafer v. Melo*, 502 U.S. 21, 25 (1991) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official. . . ."); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) ("There is no longer a need to bring official-capacity actions against local government officials . . . [because] local government units can be sued directly for damages and injunctive or declaratory relief.").

Because the proper defendant for Plaintiff's official-capacity claims is H+H, the Court dismisses Plaintiff's official-capacity claims against Defendants Katz, Chan, and Jamshahi for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). In light of Plaintiff's *pro se* status, however, the Court understands Plaintiff's amended complaint as asserting claims against H+H itself.

**B.      Claims under Section 1983 against H+H**

When a plaintiff sues a local government entity, such as H+H, under Section 1983, it is not enough for the plaintiff to allege that one of the local government entity's employees or agents engaged in some wrongdoing. The plaintiff must show that the local government entity itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a claim under Section 1983 against a local government entity, the plaintiff must allege facts showing: (1) the existence of a local government entity policy, custom, or practice; and

6

(2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights.

*Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997). This standard has been applied to claims under Section 1983 brought against H+H. *See Snall v. City of New York*, 242 F.3d 367 (2d Cir. 2000) (summary order, unpublished table opinion); *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983).

> A plaintiff may satisfy this standard by alleging one of the following:
>
> (1) a formal policy officially endorsed by the [local government entity] (2) actions taken by government officials responsible for establishing the [local government entity's] policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the [local government entity's] employees.

*Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010) (Preska, D.J.) (citations omitted). If there is no underlying constitutional violation, however, the Court need not examine whether the local government entity is liable under Section 1983. *See Segal v. City of New York*, 459 F.3d 207, 219 (2d Cir. 2006).

In his claims against Defendant Katz in his official capacity, Plaintiff attempts to assert that H+H policies, customs, and practices caused what he alleges were violations of his federal constitutional rights. (ECF 29, at 4-7.) Among such alleged H+H policies, customs, and practices were those, Plaintiff asserts, that: (1) "resulted in systemic failures, including the denial of adequate diagnostic testing, the absence of proper follow-up care, and the withholding of critical medical information from patients"; (2) demonstrated a "systematic deprivation of notice and medical decision-making rights that happened over 2 yrs"; and (3) showed "a practice of not disclosing test results promptly, a product of institutional failures caused by inadequate training,

supervision, and enforcement of compliance with governing medical policies and patient rights."
(*Id.* at 5.)

Even if all of that is true, there is no underlying federal constitutional violation. That is because, as the Court discussed, in its July 29, 2025 order, the United States Constitution does not require a government official to protect an individual from harm, with the exceptions of when that individual is in government custody or when the government official affirmatively creates or increases a danger to that individual. *See Newman*, 2025 WL 2171803, at *5 (citing and quoting, among other cases, *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755-56 (2005); *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 195-97, 199-200 (1989); and *Matican v. City of New York*, 524 F.3d 151, 155 (2d Cir. 2008)) (ECF 24, at 9-10). In addition, allegations of medical malpractice or negligence, by themselves, do not constitute a federal constitutional violation. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Darnell v. Pineiro*, 849 F.3d 17, 36 (2d Cir. 2017).

Plaintiff does not allege that, at the time of the alleged events, he was in government custody or that any of the defendants affirmatively created or increased a danger to him. Essentially, his claims against H+H amount to claims of medical malpractice and/or negligence, neither of which, alone, establishes a federal constitutional violation. Accordingly, because there is no underlying constitutional violation, to the extent that Plaintiff asserts claims under Section 1983 against H+H, the Court dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Segal*, 459 F.3d at 219.

**C.    Claims under Section 1983 against Defendant Katz in his individual capacity**

The Court understands Plaintiff's amended complaint as asserting claims against Defendant Katz in his individual capacity. In its July 29, 2025 order, the Court dismissed those claims but granted Plaintiff leave to replead his claims under Section 1983 against Katz in an

amended complaint in which he alleges how Defendant Katz was directly and personally involved in the alleged violations of his federal constitutional rights. *See Newman*, 2025 WL 2171803, at *3 (ECF 24, at 6). This was because, in order to hold an individual state actor liable under Section 1983, in his individual capacity, a plaintiff must allege facts showing that individual's direct and personal involvement in the alleged constitution violation, and because Plaintiff had not done so. *Id.* (ECF 24, at 5-6) (quoting *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020)). In his amended complaint, Plaintiff again does not allege any facts showing Defendant Katz's direct and personal involvement in the alleged violations of his federal constitutional rights. The Court therefore dismisses Plaintiff's claims under Section 1983 against Defendant Katz, in his individual capacity, for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

**D.    Claims under Section 1983 against Defendants Chan and Jamshahi in their individual capacities**

The Court further construes Plaintiff's amended complaint as asserting claims under Section 1983 against Defendants Chan and Jamshahi, in their individual capacities, arising from alleged violations of Plaintiff's right to procedural due process in connection with violations of the New York State Patients' Bill of Rights, as well as from alleged violations of Plaintiff's substantive due process rights. Plaintiff asserted these claims in his original complaint and the Court dismissed them with leave to replead in its July 29, 2025 order. *See Newman*, 2025 WL 2171803, at *3-5 (ECF 24, at 6-11).

**1.    Claims of procedural due process violations**

The Court must dismiss Plaintiff's claims of procedural due process violations raised in connection with alleged violations of the New York State Patients' Bill of Rights. As the Court previously observed, in its July 29, 2025 order, "the New York State Patients' Bill of Rights does

9

not provide a private right of action for violations of it" and, therefore, "it does not appear that New York law created, in the New York State Patients' Bill of Rights, a liberty interest for a hospital patient, such as Plaintiff," that is subject to procedural due process protections. *Id.* at *4 (ECF 24, at 8). In addition, as the Court previously observed, even if the New York State Patients' Bill of Rights did provide Plaintiff with such a liberty interest, "New York law appears to provide a post-deprivation remedy; enforcement of the New York State Patients' Bill of Rights, as a standard of care, can be sought in a state law medical malpractice action brought in a state court, rather than in a Section 1983 action in a federal court." *Id.* (citation omitted) (ECF 24, at 9).

Because Plaintiff does not plead facts suggesting that he has such a liberty interest for the purpose of procedural due process protections, and even if he did, because he does not show that he has pursued any state-law remedy (such as a medical malpractice action in state court) or that such a remedy is inadequate, as the Court originally did in its July 29, 2025 order, the Court dismisses Plaintiff procedural due process claims under Section 1983 for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(ii); *Newman*, 2025 WL 2171803, at *4-5 (ECF 24, at 9).

### 2.   Claims of substantive due process violations

Plaintiff's claims under Section 1983 that arise from substantive due process violations suffer from the same deficiencies as those claims raised in his original complaint and supplemental declaration, and that the Court dismissed its July 29, 2025 order. The United States Constitution does not require a government official to protect an individual from harm, with the exceptions of an individual in government custody or when the government official affirmatively creates or increases a danger to that individual. *See Newman*, 2025 WL 2171803, at *5 (citations omitted) (ECF 24, at 9-10). Even if either of these exceptions were to apply here, "the plaintiff

10

must also show that the government official's behavior was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Id.* (internal quotation marks and citation omitted) (ECF 24, at 10). "[A]ny claim, including one akin to medical malpractice, that does not allege facts that also satisfy this last requirement is insufficient to state a claim of a substantive due process violation under Section 1983." *Id.* (citations omitted) (ECF 24, at 10).

Plaintiff does not allege that, at the time of the alleged events, he was in government custody or that any of the defendants affirmatively created or increased a danger to him. In addition, as with his original complaint, "[h]e also alleges nothing to suggest that the defendants' actions were so egregious or outrageous that they would shock the contemporary conscience." *Id.* (ECF 24, at 11). The Court therefore also dismisses Plaintiff's claims under Section 1983 of substantive due process violations for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### E.    Claims under state law

The Court additionally understands Plaintiff's amended complaint as asserting claims under state law under the court's supplemental jurisdiction. A federal district court may decline to exercise supplemental jurisdiction over claims under state law, however, when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims over which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction over any of Plaintiff's claims under state law, including any claims of medical malpractice and negligence that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367

11

'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F.      Leave to amend further is denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

The Court dismisses this action for the reasons set forth in this order. The Court dismisses Plaintiff's claims under federal law for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to consider, under its supplemental jurisdiction, any claims that Plaintiff asserts under state law, including any claims of medical malpractice and negligence. *See* 28 U.S.C. § 1367(c)(3).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:    February 12, 2026
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.